JOHN A. PHILBRICK, RESPONDENT, v. FLOYD W. MUNDY, APPELLANT.

Argued November 7, 1918—Decided March 24, 1919.

1. Interest is not allowed on unliquidated damages.
2. Where on appeal from the Circuit Court a judgment is wrong in respect to the inclusion of interest, and is right in all other respects, the judgment will be affirmed if the plaintiff will waive the interest; otherwise, it will be reversed and a new trial awarded as to damages alone.

On appeal from the Essex County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *Wolber & Blake.*

For the respondent, *Press & Press.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment entered upon the verdict of a jury in favor of the plaintiff in an action to recover damages for injury to the plaintiff's automobile sustained in a collision with the defendant's automobile.

The only ground of appeal argued is that "the court erred in charging the jury to allow interest on an unliquidated claim for damages."

We are of the opinion that the point is well taken.

At the trial it appeared that the reasonable value of the repairs to the automobile necessitated by the accident was $879.19. The learned trial judge instructed the jury that if they found for the plaintiff it should be for that amount with interest from the date of the accident. Accordingly, the jury added interest on $879.19 and rendered a verdict for $1,002.43.

We think that was wrong. Interest is not allowed on unliquidated damages. *Speer* v. *Van Orden,* 3 *N. J. L.* 232, *653. The reason is that the person liable does not know what sum he owes and therefore cannot be in default for not paying. That principle is applicable to an action of tort, such as the present, where the damages are an uncertain quantity, depending on no fixed standard, and cannot be made certain except by verdict.

The judgment is therefore wrong in respect to the inclusion of interest, and is right in all other respects.

If the plaintiff will waive the interest, the judgment will be affirmed, without costs on this appeal; otherwise, it will be reversed and a new trial awarded as to damages alone. Supreme Court rules 132 and 147.